1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT G. SMITH,

11           Plaintiff,                    No. CIV S-07-1675 GEB GGH P

12       vs.

13   ANTI, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           On August 15, 2007, plaintiff filed the original complaint.  On October 11, 2007,

4    plaintiff filed an amended complaint.  Accordingly, the court will screen the amended complaint.

5    Fed. R. Civ. P. 15.

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11   U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint, or portion thereof, should only be dismissed for failure to state a

20   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

21   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

22   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

23   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

24   a complaint under this standard, the court must accept as true the allegations of the complaint in

25   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

26   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

1    <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

2              Named as defendants are Captain Anti, J. Tilton, Dr. Gosek, Dr. Smith, Dr. Stiles,

3    Dr. Araya, Dr. Greenman, Dr. Howard, Dr. St. Clair, Dr. Noriega, Governor Schwarzenegger and

4    Morgado.

5              Plaintiff complains about conditions at several prisons including Ironwood State

6    Prison (ISP), the California Medical Center (CMC), California State Prison-Solano, California

7    State Prison-Corcoran and the Sierra Conservation Center.

8              Plaintiff alleges that while housed at ISP, defendant Anti changed orders to falsely

9    reflect that plaintiff had been released from administrative segregation.  As a result of this false

10   report, plaintiff did not appear before the Institutional Classification Committee.  Plaintiff alleges

11   that after he was transferred to CMC, he was punished for refusing to be double celled.  Plaintiff

12   alleges that he refused to be double celled for health and security reasons.  Plaintiff alleges that

13   defendant Tilton refused to investigate this matter.

14             Plaintiff alleges that while housed at ISP, defendant Smith forced plaintiff into the

15   mental health crisis bed unit under false pretenses.  Plaintiff alleges that defendant Smith made

16   an entry into plaintiff's medical records in an attempt to have plaintiff forcibly medicated.

17             Plaintiff alleges that while housed at ISP he was assaulted by "CDCR agents."

18   After he did not react, he was forced to speak with defendant Smith in violation of procedure.

19             Plaintiff alleges that while housed at ISP, defendant Gosek falsely wrote in a

20   chrono that plaintiff was taking heat meds.  As a result of this entry, plaintiff was transferred to

21   CMC.  Plaintiff alleges that while housed at CMC, defendant Morgado caused plaintiff to be

22   placed in the Mental Health Crisis Bed unit under false pretenses.

23             Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

24   claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

25   alternate claims, as many claims, legal, equitable, or maritime, as the party has against an

26   opposing party."  "Thus multiple claims against a single party are fine, but Claim A against

3

1  Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v.

2  Smith, et al., No. 07-1325, 2007 WL 3307028 *1  (7th Cir. Nov. 9, 2007).  "Unrelated claims

3  against different defendants belong in different suits..." Id.  A "buckshot complaint"

4  complaining that "A defrauded B, defamed him, C punched him, D Failed to pay a debt, and E

5  infringed his copyright, all different transactions" should be rejected.  Id. at 2.

6         Plaintiff has filed a "buckshot complaint" in violation of Fed. R. Civ. P. 18.  The

7  complaint raises unrelated claims regarding conditions at various prisons.  On this ground, the

8  complaint is dismissed with leave to amend.  An amended complaint should include related

9  claims only.  In addition, claims regarding conditions at different prisons must be filed in

10 separate complaints.

11        The complaint also contains no allegations against defendant Stiles, Araga,

12 Greenman, Howard, St. Clair, Noriega or Schwarzenegger.  The Civil Rights Act under which

13 this action was filed provides as follows:

14        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
15        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
16        law, suit in equity, or other proper proceeding for redress.

17 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

19 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

20 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

21 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

22 omits to perform an act which he is legally required to do that causes the deprivation of which

23 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24        Moreover, supervisory personnel are generally not liable under § 1983 for the

25 actions of their employees under a theory of respondeat superior and, therefore, when a named

26 defendant holds a supervisorial position, the causal link between him and the claimed

1 | constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

2 | (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

3 | 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

4 | in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

5 | Cir. 1982).

6 |       Because plaintiff has failed to link defendants Stiles, Araga, Greenman, Howard,

7 | St. Clair, Noriega or Schwarzenegger to the alleged deprivations, the claims against these

8 | defendants are dismissed with leave to amend.

9 |       The complaint also includes allegations against some persons whom plaintiff

10 | identifies as "defendants," but who are not listed in the section of the complaint where the

11 | defendants are to be identified, i.e. section III, p. 3 of his complaint.  If plaintiff files an amended

12 | complaint, he must clearly identify each defendant.

13 |       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14 | order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

15 | amended complaint be complete in itself without reference to any prior pleading.  This is

16 | because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17 | Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

18 | pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

19 | original complaint, each claim and the involvement of each defendant must be sufficiently

20 | alleged.

21 |       Finally, plaintiff is informed that he should not rely on exhibits to state his claims

22 | for him.  The amended complaint should include a short and plain statement of the grounds for

23 | relief.  Fed. R. Civ. P. 8.

24 |       In accordance with the above, IT IS HEREBY ORDERED that:

25 |     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26 |     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

1   The fee shall be collected and paid in accordance with this court's order to the Director of the

2   California Department of Corrections and Rehabilitation filed concurrently herewith.

3                   3.  The complaint is dismissed for the reasons discussed above, with leave to file

4   an amended complaint within thirty days from the date of service of this order.  Failure to file an

5   amended complaint will result in a recommendation that the action be dismissed.

6   DATED: 12/13/07

                                                /s/ Gregory G. Hollows
7
                                                _____
                                                UNITED STATES MAGISTRATE JUDGE
8

9   sm1675.b

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26