IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT G. SMITH,

        Plaintiff,                          No. CIV S-07-1675 GEB GGH P

    vs.

ANTI, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's October 11, 2007, motion to certify this action as a class action. Also pending are motions for temporary restraining orders filed October 11, 2007, and May 30, 2008. For the following reasons, these motions should be denied.

Motion to Certify as Class Action

        Plaintiff is a non-lawyer proceeding without counsel. It is well-established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(2) of the Federal Rules of Civil Procedure. See Martin v. Middendorf,

1

420 F.Supp. 779 (D.C.C. 1976).  For these reasons, plaintiff's request to have this action certified as a class action should be denied.

Motions for Temporary Restraining Orders

*Legal Standards*

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

/////

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

*Discussion*

Plaintiff's motions are identical. Plaintiff indicates that he was placed in administrative segregation for refusing to double cell. Plaintiff requests that he be put back on the main line. Plaintiff does not allege why he should not be single celled. Nor does plaintiff identify any defendant involved in the alleged deprivation.

Plaintiff has no per se constitutional right to be single celled. In addition, placement in administrative segregation, in and of itself, does not implicate a protected liberty interest. See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). Because plaintiff's request for injunctive relief does not implicate a colorable constitutional claim, the motion should be denied. The court also observes that plaintiff does not yet have a colorable complaint on file.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 11, 2007, motion to certify this action as a class action (#15) be denied;

2. Plaintiff's motions for temporary restraining orders filed October 11, 2007 (#12), and May 30, 2007 (# 28), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

\\\\\

1 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
2 F.2d 1153 (9th Cir. 1991).
3 DATED: 08/04/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

6 smith.56