IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT G. SMITH,

      Plaintiff,               No. CIV S-07-1675 GEB GGH P

  vs.

ANTI, et al.,

      Defendants.         FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2007, the court dismissed the first amended complaint with leave to file a second amended complaint. After several extensions of time plaintiff filed the second amended complaint on September 10, 2008. For the following reasons, the court recommends that this action be dismissed.

      The section of the second amended complaint where plaintiff is to identify the defendants, i.e. page 3, § III, names twelve defendants: Anti, Tilton, Gosek, Smith, Stiles, Araya, Greenmon, Howard, St. Clair, Noriega, Scharzenegger and Morgado.

      Plaintiff alleges that on May 20, 2006, defendant Smith, at Ironwood State Prison (ISP) forced plaintiff into the mental health crisis bed unit under false pretenses. On August 14, 2006, while housed at ISP, defendant Anti took plaintiff to administrative segregation. Plaintiff

1

alleges that defendant falsified plaintiff's records to state that he was released from administrative segregation. Therefore, plaintiff did not receive an I.C.C. review. On August 15, 2006, defendant Gosek at ISP falsely wrote in plaintiff's medical records that plaintiff was taking psych meds.

Plaintiff was later transferred to the California Medical Center (CMC). Once at CMC, plaintiff refused to be double celled out of fear that he would contract an infectious disease. Defendant Tilton refused to investigate plaintiff's concerns. On November 28, 2008, defendant Mogado at CMC caused plaintiff to be placed in the mental health crisis bed until under false pretenses.

At Wasco State Prison, plaintiff contracted two staph infections in 2003. At California State Prison-Corcoran plaintiff contracted TB. At ISP, plaintiff contracted Hepatitis C. Plaintiff alleges that at California State Prison-Solano (CSP-Solano) he is being punished by defendant Class for refusing to double cell. Defendant Cell is not listed as a defendant in the section of the second amended complaint designated for plaintiff to identify his defendants.

The allegations of the second amended complaint are substantially similar to the allegations contained in the first amended complaint. Plaintiff has failed to cure the pleading defects discussed in the December 14, 2007, order dismissing the original complaint with leave to amend.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, et al., 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits..." Id. A "buckshot complaint" complaining that "A defrauded B, defamed him, C punched him, D Failed to pay a debt, and E infringed his copyright, all different

transactions" should be rejected. Id. at 2.

Plaintiff has again filed a "buckshot complaint" in violation of Fed. R. Civ. P. 18. The second amended complaint raises unrelated claims regarding conditions at various prisons. On this ground, the court recommends that this action be dismissed. Because plaintiff disregarded the December 14, 2007, order instructing him not to file another "buckshot complaint," he is not granted leave to file a third amended complaint.

Just as in the first amended complaint, the second amended complaint contains no allegations against defendants Stiles, Araya, Greenmon, Howard, St. Clair, Noriega, Scharzenegger. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

Because plaintiff has failed to link defendants Stiles, Araga, Greenman, Howard, St. Clair, Noriega or Schwarzenegger to the alleged deprivations, the claims against these defendants should be dismissed for this reason as well.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/27/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

sm1675.dis